IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:22-CV-00206-FDW-DSC

| | |
|---|---|
| SALSARITA'S FRANCHISING LLC, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| GIBSON FAMILY ENTERPRISES LLC et. al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on "Defendants' Motion to Transfer Venue" (document #35) and the parties' briefs and exhibits.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is now ripe for the Court's consideration.

On May 9, 2022, Plaintiff filed this action alleging Defendants breached the parties' Franchise Agreement. Plaintiff is a Mississippi LLC headquartered in Charlotte. Pursuant to the Agreement, Defendants operated a Salsarita's franchise in Lexington, Kentucky. The Agreement contains a forum selection clause as follows:

> The parties agree that, to the extent any disputes cannot be resolved directly between them, Franchisee shall file any suit against Franchisor only in the federal or state court having jurisdiction where Franchisor's principal offices are located at the time suit is filed. <u>Franchisor may file suit in the federal or state court located in the jurisdiction where its principal offices are located at the time suit is filed or in the jurisdiction where Franchisee resides or does business or where the Restaurant is or was located or where the claim arose. Franchisee consents to the personal jurisdiction of those courts over Franchisee and to venue in those courts.</u>

Document #7-7, § XXII.B (emphasis added).

On May 9, 2022, Plaintiff terminated the Franchise Agreement. It alleges that Defendants breached the Agreement by operating a competing restaurant within three miles of the Lexington Salsarita's. The Amended Complaint states claims for breach of contract, breach of guarantee, trademark infringement, unfair competition and false advertising, misappropriation of trade secrets, and unfair and deceptive trade practices. Plaintiff's Motion for Preliminary Injunction and Defendants' Partial Motion to Dismiss are pending before the presiding District Judge.

On October 3, 2022, and notwithstanding the unambiguous forum selection clause in their Agreement, Defendants filed a Motion to Transfer Venue to the Eastern District of Kentucky. In their briefs, they characterize the forum selection clause as "permissive." They argue that because the subject restaurants and many witnesses are located there, Lexington is a more convenient venue under 28 U.S.C. § 1404(a).

A forum-selection clause agreed upon by the parties "represents the parties' agreement as to the most proper forum" and "enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system." Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex., 134 S.Ct. 568, 581 (2013). "[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." Id. The party opposing the forum-selection clause bears the burden of establishing that enforcement of the clause is unwarranted. Id.

Defendants have failed to carry their burden of showing that the forum selection clause should not be upheld by this Court. For those and the other reasons stated in Plaintiff's briefs, the Motion to Transfer Venue is denied.

**NOW IT IS HEREBY ORDERED that:**

1. "Defendants' Motion to Transfer Venue" (document #35) is **DENIED**.

2. The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Frank D. Whitney.

**SO ORDERED**.

Signed: October 25, 2022

David S. Cayer
United States Magistrate Judge